**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-7728**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUTHER EARL SATTERFIELD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:04-cr-00173-D-1; 5:09-cv-00276-D)

───────────

Submitted:  March 25, 2014        Decided:  March 27, 2014

───────────

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

Luther Earl Satterfield, Appellant Pro Se.  William E. H. Creech, OFFICE OF THE UNITED STATES ATTORNEY, Barbara Dickerson Kocher, Assistant United States Attorney Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luther Earl Satterfield seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis, and denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). The portion of the order denying the Rule 60(b) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Satterfield has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss

2

the portion of the appeal challenging the denial of the Rule 60(b) motion.

Additionally, we construe Satterfield's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Satterfield's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We have reviewed the record regarding Satterfield's § 3582(c)(2) motion and affirm the court's order denying the motion based on the reasoning of the district court. United States v. Satterfield, Nos. 5:04-cr-00173-D-1; 5:09-cv-00276-D (E.D.N.C. Oct. 3, 2013). Accordingly, we deny a certificate of appealability and dismiss the appeal as to the Rule 60(b) motion and affirm the remainder of the order denying relief on the § 3582(c) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART